## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-_____

KATHRYN NAKAMURA,

      Plaintiff,

v.

COLE AP PORTFOLIO II LLC; and APPLE COLORADO LLC,

      Defendants.

---

## NOTICE OF REMOVAL

---

Defendant Apple Colorado LLC, incorrectly identified in Plaintiff's underlying caption as "Apple American Group LLC" (hereinafter "Apple Colorado"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Jefferson County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.    __INTRODUCTION__

1.    Plaintiff Kathryn Nakamura ("Plaintiff") initiated this lawsuit on March 5, 2019 against Defendants Cole AP Portfolio II LLC ("Cole AP") and Apple Colorado (collectively, "Defendants"), in the Jefferson County District Court, State of Colorado, captioned *Kathryn Nakamura v. Cole AP Portfolio II LLC and Apple American Group LLC.*, Civil Action No. 2019CV30355 and is now pending in that Court (the "State Action"). *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2.      Plaintiff alleges that on May 3, 2017, she slipped and fell on water at Defendants' Applebee's restaurant located at 5250 S. Wadsworth Blvd., Lakewood, Colorado 80123.   **Exhibit B**, ¶ 6.

3.      Plaintiff's Complaint alleges a claim under the Colorado Premises Liability Act (hereinafter "CPLA") and a claim for negligence against Defendants.  *Id.* at ¶¶ 24–56.

## II.    COMPLIANCE WITH THE RULES

4.      All procedural requirements related to the removal of this action have been satisfied.

5.      Apple Colorado was served on March 8, 2019.  *See* **Exhibit E,** Affidavit of Service on Defendant Apple Colorado.

6.      Cole AP was served on March 11, 2019.  *See* **Exhibit F,** Affidavit of Service on Defendant Cole AP**.**

7.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Apple Colorado and is timely under 28 U.S.C. §§ 1441 and 1446(b).

8.      Undersigned counsel has attempted to contact Defendant Cole AP Portfolio II, LLC to discuss removal.   Upon information and belief, Spirit Realty Capital owned Defendant Cole AP Portfolio II, LLC at the time of the alleged incident.  At present, undersigned counsel expect to hear from an authorized representative for Defendant Cole AP Portfolio II, LLC to further discuss this removal.

9.      A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

10.     Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Civil Case Cover Sheet |
| **Exhibit B** | Complaint |
| **Exhibit C** | Summons on Apple American |
| **Exhibit D** | Summons on Cole AP Portfolio II LLC |
| **Exhibit E** | Affidavit of Service on Defendant Apple Colorado |
| **Exhibit F** | Affidavit of Service on Defendant Cole AP |
| **Exhibit G** | Civil Procedure Order |
| **Exhibit H** | Civil Docket Sheet |

11.     Pursuant to D.C.Colo.LCivR 81.1, Apple Colorado states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed.R.Civ.P. 81(c), Apple Colorado will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13.     Apple Colorado has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

## III.     <u>DIVERSITY JURISDICTION</u>

14.     This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different

states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

A.   **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15.    There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Colorado.  **Exhibit B**, ¶ 1.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

16.    Apple Colorado is a citizen of California and Delaware.  Apple American is a limited liability company organized under the laws of the state of Delaware with a principal place of business at 225 Bush Street, Suite 1800, San Francisco, CA 94104.  Apple Colorado has one member, Apple American Group II LLC, a Delaware limited liability company.  Apple American Group II LLC has one member, AAG Holding III, LLC, a Delaware limited liability company. AAG Holding III, LLC has one member, Apple Holding II, LLC, a Delaware limited liability company.  Apple Holding II, LLC has one member, Flynn Restaurant Group L.P., a Delaware limited partnership.  Flynn Restaurant Group L.P. has six partners, who are as follows:

- FRG Holding II, LLC, a Delaware limited liability company, who is the general partner and has one member, FRG Holding I, Inc., a Delaware corporation;

- Twentyeightmoront Corp, a Canadian corporation, who is a limited partner;

- Red Apple Investor, LLC, a Delaware limited liability company, who is a limited partner and is wholly owned by 2409962 Ontario Limited, a Canadian corporation;

- MP FRG Co-Investors 2014, LLC, a Delaware limited liability company, who is a limited partner and does not control Flynn Restaurant Group L.P.;

- AAG Managers LLC, a Delaware limited liability company, who is a limited partner and has four members – Gregory & Julie Flynn 2002 Revocable Trust, Flynn 2012 Gift Trust, Lorin M. Cortina and H. Jane Sung Living Trust, and Management Equity Holdings, LLC.

- Management Equity Holdings, LLC is a Delaware limited liability company and al imited partner. Management Equity Holdings, LLC has the with each members' respective state of citizenship set forth in the parenthetical immediately following his or her name: D. Brad Pettinger (State of Washington); Gary Koch (State of New Jersey); Monty Davis (State of California); Robert Durrin (State of Ohio); Daniel V. Krebsbach (State of Washington); Keith Morrow (State of Indiana); Mike Hebert (State of California); Scott Blair (State of Pennsylvania); Katie Sienko (State of Minnesota); Damasio Alvarez (State of California); Tim Flatley (State of California); Dave Johnson (State of Washington); Bob Harrington (State of Maine); Sarat Koneru (State of Indiana); Ron Igarashi (State of Ohio); Diane McNeeley (State of Ohio); Diann Banaszk (State of California); Betsy Mercado (State of Ohio); Pat Eulberg (State of Ohio); Jimmy Veazey (State of California); Thomas Baldwin (State of Connecticut); Louis Kaucic (State of New Hampshire); Gino Volpacchio (State of Connecticut); Ron Bellamy (State of Ohio); Steve Merrill (State of Oregon); Missy Shriver (State of Illinois); Tina

Locklear (State of North Carolina);Eleanor Clancy (State of Massachusetts); Larry Brown (State of Pennyslvania); Cass Banaszek (State of California); Chad Arkoff Revocable Trust; Laurie Haynes (State of New Jersey); Mark Russell (State of California); and Spinnaker Brown, LLC. The member of Spinnaker Brown, LLC is Charlie Brown who is a citizen of the State of California.

20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

17.     Cole AP is trade name for Spirit AP Portfolio II, LLC ("Spirit AP"). Spirit AP is a citizen of Texas and Delaware. *See* **Exhibit B**, ¶ 2. Cole AP is a foreign limited liability company organized under the laws of the State of Delaware with a principal place of business at 2727 N. Harwood Street, Suite 300, Dallas, TX 75201. *Id.* Upon information and belief, Spirit AP's members are not citizens or domiciled in the State of Colorado. *Id.*

18.     For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19.     While not waiving Apple Colorado's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. In her Complaint, Plaintiff alleges that she has "sustained severe and permanent injuries, damages, and losses" and has "incurred reasonable and necessary past and future medical expenses and other economic expenses and damages" "including past and future medical expenses including, but not limited to, emergency care, hospital care, physician charges, injections, diagnostic testing and imaging,

physical therapy, aquatic therapy, medication, future surgery, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages" caused by the incident.  **Exhibit B**, ¶¶ 20 – 22.[1]

20.     Furthermore, in the Civil Cover Sheet for the Complaint filed in Jefferson County District Court, Plaintiff states that she seeks a monetary judgment over $100,000.  **Exhibit A**.

21.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

22.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

23.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28

---

[1] Apple Colorado denies Plaintiff's allegations regarding her alleged damages and injuries.

U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

24.    Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet.  *See* **Exhibit A**.  Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

25.    In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that she seeks "a monetary judgment over $100,000 . . . against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."  **Exhibit A**.

26.    The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).  The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings."  *Id.*

27. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

28. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Apple Colorado LLC respectfully requests that the action now pending in the Jefferson County District Court, Case No. 19CV30355, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 8th day of April, 2019

HALL & EVANS, LLC

*s/ Mamie Ling*
J. Ryan Johnson
Mamie Ling
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
johnsonr@hallevans.com
lingm@hallevans.com
*Attorneys for Apple Colorado LLC*

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 8th day of April, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF.  In addition, I hereby certify that I have served via electronic mail the foregoing document to the following non-CM/ECF participants:

Robert R. Harper, Esq.
Nathan T. Mattison, Esq.
The Law Offices of Dianne Sawaya L.L.C.
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 80246
Phone Number: (303) 758-4777
Fax Number: (303) 758-4779
E-mail: rharper@dlslawfirm.com
nmattison@dlslawfirm.com
*Attorneys for Plaintiff*

*s/Renee Godfrey*
Renee Godfrey, Legal Secretary to
J. Ryan Johnson
Mamie Ling