**EXHIBIT B**

| | |
|---|---|
| **DISTRICT COURT, JEFFERSON COUNTY, COLORADO**<br>100 Jefferson County Pkwy<br>Golden, Colorado 80419 | |
| | DATE FILED: March 5, 2019 5:21 PM<br>FILING ID: 8D658DD323881<br>CASE NUMBER: 2019CV30355 |
| Plaintiff:   **KATHRYN NAKAMURA**<br><br>v.<br><br>Defendants: **COLE AP PORTFOLIO II LLC; and**<br>               **APPLE AMERICAN GROUP LLC** | |
| | ▢**COURT USE ONLY**▢ |
| **Attorney for Plaintiff:**<br>Robert R. Harper, Esq. #48454<br>Nathan T. Mattison, Esq. #38627<br>The Law Offices of Dianne Sawaya L.L.C.<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: rharper@dlslawfirm.com<br>         nmattison@dlslawfirm.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

   **COMES NOW**, Plaintiff Kathryn Nakamura, through her counsel at The Law Offices of Dianne Sawaya, LLC, states and alleges the following for her *Complaint* against Cole AP Portfolio II LLC; and Apple American Group LLC (hereinafter collectively referred to as "Defendants") as follows:

## IDENTIFICATION OF PARTIES

1. At the time of the incident, and all times relevant herein, Plaintiff Kathryn Nakamura (hereinafter "Plaintiff") was a citizen of the State of Colorado, County of Jefferson, City of Lakewood residing at 381 South Ames Street Unit 308, Lakewood, CO 80226.

2. Upon information and belief, and at all times relevant herein, Defendant Cole AP Portfolio II LLC *aka* Spirit AP Portfolio II LLC (hereinafter "Defendant Cole") was and is a foreign limited liability company, formed in Texas and Plaintiff is informed and believes the entity's principal place of business is located at 2727 North Harwood Street, Suite 300, Dallas, TX 75201 and that at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the property wherein Plaintiff slipped and fell at the time of the subject incident at 5250 South Wadsworth Blvd. in Littleton,

1

**EXHIBIT B**

Colorado (*Applebee's Restaurant*). Defendant Cole's Registered Agent is The Corporation Service Company located at 7700 Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3. This Applebee's location is also managed/owned by franchisee Defendant Apple American Group (hereinafter "Defendant Apple"), one of four entities of Flynn Restaurant Group. The other three Flynn entities are Bell American (Taco Bell), Pan American (Panera) and RB American (Arby's). Apple American is the largest Applebee's franchisee in the country. Defendant Apple at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the property wherein Plaintiff slipped and fell at the time of the subject incident at 5250 South Wadsworth Blvd. in Littleton, Colorado (*Applebee's Restaurant*). The principle place of business for Apple American Group is 225 Bush Street, Suite 1800, San Francisco, CA 94104. Defendant's Apple's service center address is 6200 Oak Tree Blvd., Suite 250, Independence, Ohio 44131.

4. Plaintiff is informed and believes, and based thereon alleges, that all Defendants were the principals, employers, alter egos, alternate entities, subsidiaries, shareholders, employees, contractors, servants and/or agents of each other Defendant and that each and every act, failure to act, or omission alleged to have been performed by any one Defendant, was done with the authority, permission, or knowledge of each of the other Defendants, or alternatively, that each act, failure to act, or omission alleged to be attributable to any Defendant herein was ratified by each of the remaining Defendants. All delegations, acts, failures to act, omissions of Defendants, and each of them, were done within the course and scope of employment or contractual relationship. Based on such, Defendants, and each of them, are directly or vicariously liable for the acts and omissions of all other Defendants under respondeat superior or any other applicable legal theory.

## GENERAL ALLEGATIONS

5. Plaintiff hereby incorporates by reference paragraphs above as if fully set forth herein.

6. The incident giving rise to this action occurred on May 3, 2017 at approximately 11:05 a.m. at which time Plaintiff was injured by slipping and falling on water at the Applebee's restaurant located at 5250 S. Wadsworth Blvd., Lakewood, CO 80123.

7. Venue is proper in the County of Jefferson, State of Colorado pursuant to C.R.C.P. 98 because the tort in question occurred in Jefferson County.

8. Plaintiff is the proper party to bring this claim.

**EXHIBIT B**

9. Plaintiff was an invitee lawfully on the premises owned by Defendant Applebee's, which includes, but is not limited to, Defendant Cole and Defendant Apple. On May 3, 2017 at approximately 11:05 a.m. Plaintiff entered the outer door of the restaurant and slipped and fell on a wet floor with no mat or warning sign causing Plaintiff to directly and proximately suffer and sustain injuries, damages, and losses.

10. Defendants had a duty to keep the premises free from dangerous conditions, including the accumulation of any water and or slippery condition on areas that serviced the property.

11. Defendants, through reasonable inspection and monitoring, knew or should have known that water accumulation of same in the entrance of the premises near the entrance in front of Applebees, could cause its invitees to fall and sustain injuries.

12. Defendants knew or should have known that water accumulation of same near the entrance in front of Applebees, both existed and created a dangerous condition.

13. Defendants knew or should have known that there existed, at the time of Plaintiff's slip and fall as alleged herein, water accumulation near the entrance in front of Applebees where Plaintiff ultimately slipped and fell.

14. Defendants negligently and without due regard for the safety of others, allowed a known unnatural and dangerous condition to exist and created a hazard to Plaintiff and others.

15. Defendants failed to place adequate warning or caution signs, cones, tape, or any other assisting, warning or notification devices in the area to protect lawful invitees from water accumulation of same on the subject premises in the area in which Plaintiff fell.

16. Defendants failed to inspect, warn, or prevent the accumulation of water near the entrance in front of Applebees where the dangerous condition existed.

17. At all times relevant herein, the Defendants were responsible for maintaining the premises, including but not limited to the common areas, including the entrance in front of Applebees, in a reasonably safe condition so that invitees, employees, customers, and visitors to the business would not be injured due to, among other things, water accumulation on the floor.

18. At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

19. At all times relevant herein, Plaintiff mitigated her damages.

20. As a result of the slip and fall, Plaintiff sustained severe and permanent injuries, damages, and losses, including but not limited to hip and rotator cuff surgery.

21. As a result of the incident giving rise to this action, Plaintiff incurred reasonable and necessary past and future medical expenses and other economic expenses and damages.

22. As a result of the slip and fall, Plaintiff has incurred economic damages including past and future medical expenses including, but not limited to, emergency care, hospital care, physician charges, injections, diagnostic testing and imaging, physical therapy, aquatic therapy, medication, future surgery, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

23. As a result of the slip and fall, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

**FIRST CLAIM FOR RELIEF**

(C.R.S. §13-21-115 PREMISES LIABILITY ACT *against* COLE AP PORTFOLIO II LLC; and APPLE AMERICAN GROUP LLC)

24. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

25. Plaintiff was an invitee of Defendants as that term is contemplated by C.R.S. §13-21-115.

26. At the time and place of the incident indicated above, Plaintiff was an invitee of Defendants, which on information and belief had common-law and contractual duties to Plaintiff to allow Plaintiff to enter and remain on a safe and non-hazardous premises. It was Defendants' express representation that Plaintiff was intended to enter or remain on such premises.

27. At the time and place of the incident indicated above, Defendants were a statutory or actual "landowner" within the meaning of C.R.S. §13-21-115 and were legally responsible for the condition of the premises where Plaintiff fell.

28. Upon information, Defendant Cole owned this Applebees property located at 5250 S. Wadsworth Blvd., Lakewood, CO 80123.

29. Upon information and belief, Defendant Apple managed this property 5250 S. Wadsworth Blvd., Lakewood, CO 80123.

30. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property, within the meaning of C.R.S. §13-21-115 and Plaintiff was an "invitee" of Defendants as he was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. §13-21-115.

31. Defendants, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries, damages, and losses as described above, are liable for its actions, omissions, and inactions and for those of any maintenance company, cleaning company, water removal company, known or unknown, partner, contractor, subcontractor, agent, servant, successor, predecessor, heir, assign or volunteer.

32. Defendants are liable to Plaintiff as an invitee, for damages and injuries sustained by the Plaintiff which were caused by the Defendants and any partner, agent, servant, contractor, subcontractor, maintenance company, cleaning company, water removal company, or volunteer for the unreasonable failure to exercise reasonable care to protect against the dangers of which were known or should have been known pursuant to C.R.S. §12-21-115(3)(c).

33. Defendants had a duty to Plaintiff to use reasonable care to protect Plaintiff against dangers which the Defendants knew or should have known existed at the time Plaintiff was injured.

34. Defendants either knew or should have known of the dangers created by water accumulation of same upon the common areas, including specifically the entrance at this Applebees located at 5250 S. Wadsworth Blvd., Lakewood, CO 80123.

35. Defendants should have taken reasonable measures, such as inspecting and maintaining its premises, placing adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, or sweeping, clearing, removing any water to prevent the accumulation in the premises, or employing some other reasonable means for monitoring, securing and/or warning patrons, thereby preventing invitees from slipping and falling and injuring themselves in the area of this Applebees.

36. Defendants were negligent when the Defendants, their employees, and/or agents failed to use reasonable care to prevent the injuries, damages, and losses to Plaintiff.

37. Defendants had a duty to warn and protect Plaintiff from the condition that existed on May 3, 2017.

38. Defendants failed to properly "warn" or "caution" Plaintiff of the danger caused by

    the water accumulation in the entrance of the premises at which Plaintiff fell.

39. Defendants failed to sweep, clear, or remove the water in the area where Plaintiff fell.

40. Defendants had actual or constructive knowledge of the dangerous condition and failed to take appropriate abatement measures to protect invitees from the known dangerous conditions on the premises owned, maintained, controlled, and used by Defendants.

41. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or were responsible for maintenance and/or conducted activities on the premises where Plaintiff fell.

42. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, such as an accumulation of water, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

43. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known directly and proximately caused Plaintiff's injuries, damages, and losses.

44. The conduct of Defendants and its agents, officers, and employees was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by <u>C.R.S. §13-21-115</u>. As a direct and proximate result of Defendants' negligence and careless conduct, Plaintiff incurred injuries, damages, and losses.

45. The employees and/or agents of the Defendants were acting in the course and scope of their employment and/or agency with Defendants.

46. As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, emergency care, hospital care, physician charges, injections, diagnostic testing and imaging, physical therapy, aquatic therapy, medication, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

47. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it knew or should have known directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in

certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

48. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

## **SECOND CLAIM FOR RELIEF**

(NEGLIGENCE *against* COLE AP PORTFOLIO II LLC; and APPLE AMERICAN GROUP LLC)

49. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

50. In the alternative to Plaintiff's claim under C.R.S. §13-21-115, above, Plaintiff brings suit under negligence.

51. At all times relevant hereto, Defendants owned, operated, maintained, controlled, serviced, cleaned, managed or otherwise acted upon/conducted activities upon the aforementioned premises.

52. Defendants owed a duty to Plaintiff and breached that duty by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to inspect and maintain the premises, failing to remove, clear, sweep, failing to place adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, or failing to employ some other reasonable means for monitoring, securing and/or warning patrons to prevent invitees/persons from slipping and falling on water and injuring themselves in the area.

53. As a direct and proximate result of Defendants' negligence and careless conduct, and failure to exercise reasonable care, Plaintiff incurred injuries, damages, and losses.

54. As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to emergency care, hospital care, physician charges, injections, diagnostic testing and imaging, physical therapy, aquatic therapy, medication, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

55. Defendants' failure to exercise reasonable care directly and proximately caused

Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

56. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as set forth below:

Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate her for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as the Court deems just and proper and/or Plaintiff prays for the following relief including and without limitation:

i) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.
ii) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.
iii) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.
iv) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.
v) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life and emotional distress.
vi) For interest as provided by Statute from the date of the incident which forms the basis of the *Complaint* to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Dated: March 5, 2019                                    Respectfully Submitted,

                                                        **Law Offices of Dianne Sawaya, LLC**

                                                        _____
                                                        Robert R. Harper, Esq.
                                                        Nathan T. Mattison, Esq.